**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4777**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TERRENCE OVERTON BARBOUR,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, Senior District Judge. (6:06-cr-00026-NKM-2)

_____

Submitted: April 28, 2015          Decided: May 20, 2015

_____

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant. Anthony P. Giorno, Acting United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence Overton Barbour appeals the 37-month sentence imposed following the revocation of his supervised release term. On appeal, Barbour argues that this sentence is plainly substantively unreasonable because it was ordered to run consecutively to a previously imposed 20-year state sentence. Barbour also assigns procedural error to the district court's failure to explain why it rejected Barbour's request for a concurrent sentence. For the reasons that follow, we reject these arguments and affirm the revocation judgment.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that is both within the applicable statutory maximum and not "plainly unreasonable" will be affirmed on appeal. United States v. Crudup, 461 F.3d 433, 437–38 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original sentence. Id. at 438.

A revocation sentence is procedurally reasonable if the district court has considered both the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors identified in 18 U.S.C.

2

§ 3583(e) (2012).  Id. at 439.  The district court must also explain the chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence.  United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).  A sentence is substantively reasonable if the district court states "a proper basis" for concluding that the defendant should receive the sentence imposed.  Crudup, 461 F.3d at 440.

If, after considering the above, we decide that the sentence is reasonable, we will affirm.  Id. at 439.  Only if we find the sentence to be procedurally or substantively unreasonable will we evaluate whether it is "plainly" so.  Id.

Against these principles, we conclude that Barbour's sentence is reasonable.  The sentence is within the five-year statutory maximum authorized for the underlying Class A felony offense that resulted in the supervised release order.  See 18 U.S.C. §§ 3559(a)(1), 3583(e)(3) (2012); see also 21 U.S.C. § 841(b)(1)(A) (2006).  Our review of the record confirms that the district court considered the advisory policy statement range of 37 to 46 months' imprisonment, the calculation of which was not disputed in the district court and is not challenged on appeal, and heard argument from the parties regarding the appropriate sentence to be imposed.  Furthermore, the district court drew on the § 3553(a) factors enumerated in § 3583(e) in

3

sentencing Barbour and explained the reasons for the selected sentence in terms of those factors.

Barbour asserts the district court committed reversible procedural error by failing to respond to his argument for a concurrent sentence. We disagree. The policy statement set forth in USSG § 7B1.3(f) specifically states that —

> Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release.

Thus, in imposing a consecutive sentence, the district court deferred to this advisory policy statement. Such deference, while not required, was more than proper. See Thompson, 595 F.3d at 547; see also United States v. Moulden, 478 F.3d 652, 656–57 (4th Cir. 2007). And we reject Barbour's contention that the district court needed to explain why it adhered to this clear policy statement, because such a position places an unwarranted obligation on sentencing courts. See, e.g., Rita v. United States, 551 U.S. 338, 356–57 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").

This court recognized in Thompson that it "may be hard-pressed to find any explanation for within-range, revocation sentences insufficient given the amount of deference we afford

district courts when imposing these sentences[.]" Thompson, 595 F.3d at 547. Here, the district court opined that a sentence within the properly calculated policy statement range was warranted given Barbour's history and characteristics; the need to protect the public and to deter Barbour from future crimes and noncompliance; and the need to avoid unwarranted sentencing disparities. We thus discern no procedural error in the district court's explanation for the selected sentence.

Barbour also contends that imposing a consecutive sentence was substantively unreasonable because he faced a 20-year state sentence for the same underlying conduct. But this argument ignores the established principle that a revocation sentence is designed to punish the defendant's failure to abide by the terms of his supervised release, which is separate and distinct from the punishment imposed for any underlying criminal conduct. Crudup, 461 F.3d at 437-38 ("'[T]he sentence imposed upon revocation [is] intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision.'" (quoting USSG ch. 7, pt. A, introductory cmt. 3(b)) (second alteration in original)). Barbour admitted both of the alleged violations of the terms of his supervised release, one of which involved multiple instances of drug trafficking. These violations reflect Barbour's serious disregard for his supervision. Further, as discussed supra, because the court

5

plainly identified "a proper basis" for concluding the defendant should receive the sentence imposed, <u>id.</u> at 440, we readily conclude that the sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>